A. PELKEY *vs.* VIRGINIA SPIRES.

JUNE 2, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of the case in assumpsit. Following a trial in the superior court a jury returned a verdict for the plaintiff in the sum of $150. After the defendant's motion for a new trial had been denied by the trial justice she duly prosecuted her bill of exceptions to this court relying merely on her exception to the decision on such motion.

In this case plaintiff declared on the common counts only. He sued to recover for the value of certain work and labor which he contends he performed for defendant

at her request. The case presents for determination two questions of fact: first, whether the work performed by plaintiff was done with the consent and at the direction of defendant; and second, if the answer to the first question is in the affirmative, then what was the fair value of such work in the circumstances.

It appears from the evidence that defendant, who operated a restaurant in Providence, early in July 1947 talked in her place of business with plaintiff, who was a contractor, about certain work she wished to have done on a house, not her residence, which she owned in that city. This house was of two and one-half stories and defendant desired to convert the upper part thereof into a small tenement. About July 4, 1947 the parties went over the premises together. Defendant pointed out to plaintiff the work she wished him to do and he said that he would give her a written estimate of its cost. Thereafter he worked at the house from July 7 to July 11 inclusive. There are in evidence two papers dated July 9 and drawn by plaintiff, but unsigned by either party, in which he made a price of $2400 for the necessary changes desired by defendant exclusive of new plumbing and electrical work which, when added, brought the total amount of the estimate to $3000. These papers provided for a partial payment in advance. About July 12 plaintiff attempted to obtain from defendant a payment on account but she refused to make one. Thereafter he did no further work on the house, contending he could not finance the job without a down payment.

The evidence is in sharp conflict on the question of whether defendant consented to have plaintiff start work prior to the signing of a contract so called. On that issue he testified as follows: "Q. Did she tell you at that time whether to start to work, or to wait until the contract was signed? A. She says, 'Don't waste time. The quicker you start, the better. You can start immediately,' which I did. Q. Did she tell you when she would pay you the $800.00?

A. She said she would pay tomorrow." He also testified that with the defendant's knowledge and consent, soon after starting the work he moved a bathtub and certain bathroom fixtures, then not in use, from the cellar of her home to the house in which he was working for installation there, and that she told him the figure of $3000 for the entire work was satisfactory.

On the other hand defendant testified in substance that she did not authorize plaintiff to start work at once as he claims; that she told him she wished to take the estimate to a bank to find out if she could raise the money necessary for the contemplated work, and that she went to her bank about the matter; that she instructed him to do no work until the papers were signed; that she wanted her lawyer to examine the estimate and so informed plaintiff; that she did not know he had been at work in the house until several days after he had started; and that he moved said bathtub and other fixtures from her home without her knowledge.

The plaintiff submitted evidence tending to show that during the five days he worked in defendant's house he measured and prepared the roof for the installation of five dormer windows, doing the necessary preliminary cutting; that he took down one flight of stairs and made openings in two floors for a front stairway and cut for new plumbing; that he removed paper from the ceilings and walls of four rooms and a hall; that he took out window jambs to make a door and started to block up a window; that he cleaned up all rubbish and hauled it away; that he hired a plumber and electrician; and that he moved the bathroom fixtures hereinbefore referred to as well as ladders and staging to the house, using his own truck in so doing. He contends that his claim of $150 for the above work is reasonable. It is computed on the following basis: $90 for his own work, including use of truck and equipment, at $2.25 per hour for forty hours; $40 for his son who was a helper, at $1 per hour for forty hours; and $20 for a carpenter, at $1.25 per hour for sixteen hours. On the other hand defendant

offered as a witness a carpenter and builder who testified that he inspected the work which plaintiff had performed in defendant's house and that in his opinion it could all have been done in about fifteen hours. He fixed the fair value of plaintiff's services at $30.

In view of the irreconcilable nature of the evidence, the decision of the issues in this case must depend largely upon the credibility to be given to the testimony of the respective witnesses. The trial justice and the jury had the advantage, which we do not have, of seeing and hearing them testify. The jury evidently accepted the testimony of the plaintiff that the defendant instructed him to proceed at once with the work in question, and it also found that the fair value of such work was $150. The trial justice in denying defendant's motion for a new trial stated in substance it was his independent judgment that the evidence supported the verdict and that the jury were justified in reaching their conclusion. Upon consideration of the evidence we cannot say that the decision of the trial justice was clearly wrong. Therefore the verdict as rendered must stand.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*Sarkis K. Boyajian, Frank H. Wildes,* for defendant.